**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| AURA EQUITY HOLDINGS LLC, | ) | Case No. 21-10017 |
| | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

**<u>SCHEDULES OF ASSETS AND LIABILITIES FOR
AURA EQUITY HOLDINGS
(CASE NO. 21-10017)</u>**

## GLOBAL NOTES REGARDING EACH DEBTOR'S SCHEDULES OF
## ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS

These Global Notes (the "Global Notes") filed by the above-captioned debtors (each a "Debtor," and collectively, the "Debtors") in connection with each Debtor's Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFAs") comprise an integral part of the Schedules and SOFAs, and are incorporated by reference therein, and should be referred to and considered in connection with any review of them.

1.      The Schedules and SOFAs prepared by the Debtors are unaudited and were prepared with data as near as possible to the date hereof (the "Petition Date").  Unless otherwise indicated, all amounts are listed as of the Petition Date or as of the latest available record date prior to the Petition Date.

2.      While the Debtors' management has exercised commercially reasonable efforts to ensure that the Schedules and SOFAs are accurate and complete based on information that was available at the time of preparation, inadvertent errors or omissions may exist.  Moreover, because the Schedules and SOFAs contain unaudited information, which is subject to further review and potential adjustment, there can be no assurance that the Schedules and SOFAs are complete or accurate.

3.      In reviewing and signing the Schedules and SOFAs, the Debtors' authorized officer has necessarily relied upon the efforts, statements and representations of other personnel and professionals of the Debtors.  The authorized officer has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and their addresses.

4.      The Debtors reserve their rights to amend the Schedules and SOFAs as may be necessary or appropriate in the Debtors' sole and absolute discretion, including, but not limited to, the right to assert offsets or defenses to (which rights are expressly preserved), or to dispute, any claim reflected on the Schedules as to amount, liability, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."  These Global Notes will apply to all such amendments.  Furthermore, nothing contained in the Schedules or SOFAs shall constitute a waiver of the Debtors' rights or defenses with respect to these chapter 7 cases.

5.      Any failure to designate a claim listed on the Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated."  Additionally, the dollar amounts of claims listed may be exclusive of contingent and additional unliquidated amounts.  Further, the claims of individual creditors are listed as the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the Debtors or setoffs applied by such creditors against amounts due by such creditors to the Debtors with respect to other transactions between them.  The Debtors reserve all of their rights with respect to any such credits and allowances.

6.      Some of the Debtors' scheduled assets and liabilities are unknown and/or unliquidated.  In such cases, no amounts are listed or the amounts are listed as "undetermined," "unknown," "none calculated" or to similar effect.  The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.  Such terms are used interchangeably in the Schedules and SOFAs.  Except as otherwise stated herein, all totals that are included in the Schedules and SOFAs represent totals of all known amounts included in the applicable Debtor's books and records as of the Petition Date.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

7.      The Debtors have excluded certain categories of assets and liabilities from the Schedules and SOFAS, including accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; deferred tax liabilities; and certain accrued liabilities including, but not limited to, accrued salaries and employee benefits.  The Debtors also have excluded potential rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected.  In addition, other immaterial assets and liabilities may also have been excluded.  Accordingly, for these and other reasons, the Schedules may not fully reflect the aggregate amount of the Debtors' assets and liabilities.

8.      Unless otherwise indicated, all amounts are reflected in U.S. dollars.

9.      Given the differences between the information requested in the Schedules and the financial information utilized under Generally Accepted Accounting Principles in the United States ("GAAP"), the aggregate asset values and claim amounts set forth in the Schedules may not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.  Information contained in the Schedules and SOFAs has been derived from the Debtors' books and records and historical financial statements.

10.      For financial reporting purposes, the Debtors and certain of their non-Debtor affiliates ordinarily prepare consolidated financial statements.  Unlike the consolidated financial statements, the Schedules and SOFAs reflect the assets and liabilities of each Debtor on a nonconsolidated basis.  Accordingly, the totals listed in the Schedules and SOFAs will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise.  The Schedules contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' commercially reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

11.      Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's accounting books and records.  Therefore, unless otherwise noted, the Schedules and SOFAs are not based upon any estimate of the current market values of the Debtors' assets and liabilities, which may not correspond to book values or could be materially different.  It would be cost-prohibitive and unduly burdensome to obtain current market valuations of the Debtors' property interests. When necessary, the Debtors have indicated that the value of certain assets is "unknown" or "undetermined."  The Debtors believe that certain of their assets may have been significantly impaired by, among other things, the events leading to, and the commencement of, the Debtors'

chapter 7 cases.  The Debtors did not formally evaluate the appropriateness of the carrying values ascribed to their assets prior to commencement of the chapter 7 cases.

12.     The Debtors and their past or present officers, employees, attorneys, professionals and agents (including, but not limited to, the authorized officer that is the signatory to the applicable Debtor's Schedules and SOFAs), do not guarantee or warrant the accuracy, completeness, or currentness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein.  The Debtors and their past or present officers, employees, attorneys, professionals and agents (including, but not limited to, the authorized officer that is the signatory to the applicable Debtor's Schedules and SOFAs), expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or re-categorized.  In no event shall the Debtors or their past or present officers, employees, attorneys, professionals and/or agents (including, but not limited to, the authorized officer that is the signatory to the applicable Debtor's Schedules and SOFAs), be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of any potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused arising from or related to any information provided herein or omitted herein.

13.     There may be instances in which certain information in the Schedules and the SOFAs has been intentionally redacted due to the nature of an agreement between the applicable Debtor and a third-party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual.  To avoid any conflict with applicable privacy law, the Schedules and SOFAs do not contain personally identifiable information.

14.     Payments made to individuals, including insiders as discussed above, and certain other instances where personally identifiable information could otherwise be disclosed, have been reported without disclosing personally identifiable information

## Schedules of Assets and Liabilities

**Intercompany Claims.** Receivables and payables among and/or between one or more Debtors and other Debtors or the Debtors' non-debtor affiliates are reported on Schedule A/B per the Debtors' unaudited books and records.  The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise or an admission as to the validity of such receivables and payables.  For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including, but not limited to, with respect to the characterization of intercompany claims, loans, and notes.  Without limiting the generality of the foregoing, certain intercompany receivables and payables among and between the Debtors and their non-debtor affiliates have been consolidated and/or netted in the Debtors'

4

books and records.   Although the Debtors have undertaken reasonable best efforts to de-consolidate such payables and receivables where appropriate, such treatment is not, and should not be construed as, an admission of the amount and/or validity of any such intercompany receivables and payables or the validity of any netting or offset per the Debtors' books and records. The Debtors take no position in these Schedules as to whether any such amounts would be allowed as a claim or an interest, or not all allowed at all.  The listing of amounts is not necessarily indicative of the ultimate recovery, if any, on any intercompany asset account or the impairment or claim status of any intercompany liability account.  The Debtors reserve all rights to later change the amounts, characterization, classification, categorization or designation of intercompany accounts reported in the Schedules.  Reasonable efforts have been made to indicate the ultimate beneficiary of a payment or obligation.  Whether a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein constitutes an admission that any Debtor entity is an obligor with respect to any such payment.  The Debtors reserve all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

**Asset Balances**.  Bank account, loan receivable, interest receivable, loan origination fees, other fee receivable and certain debt balances are presented as of the Petition Date.  The values ascribed to other assets are based on the net book value stated in the Debtors' financial records as of November 30, 2020.

**Restricted Cash.**  Restricted cash represents funds held in accounts as reserves on certain debt facilities and as cash collections on loan collateral being held until the subsequent monthly distribution date.  Certain of such cash may represent collateral of the Debtors' and certain non-debtor affiliates' secured creditors.

**Schedule A/B:  Assets.**  In the ordinary course of business, the Debtors leased property and equipment from certain third-party lessors for use in daily operations. These leases are identified in Schedule G, but the property subject to any of these leases is not reflected in Schedule A/B as either property owned by or assets of the applicable Debtor.  Property subject to any of these leases is also not reflected in the SOFAs as property or assets of third parties within the control of the Debtors.  Nothing in the Schedules or SOFAs is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to any of such issues.

**Schedule D: Creditors Holding Secured Claims.**  The Debtors reserve the right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.

The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Nothing in the Global Notes or the

Schedules and SOFAs shall be deemed a modification or interpretation of the terms of such agreements.

Except as specifically stated herein, real property lessors, utility companies, and other parties which may hold security deposits have not been listed on Schedule D.

**Schedule E: Creditors Holding Unsecured Priority Claims.**  The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under 11 U.S.C. § 507.  The Debtors reserve the right to take the position that any claim listed on Schedule E is not entitled to priority.

As of the Petition Date, the Debtors believe they have paid all amounts owed to their employees on account of wages, salaries, and other compensation, reimbursable employee expenses, and employee benefits.  Accordingly, the Debtors have not listed such employees and any amounts payable to them on Schedule E or Schedule F.

**Schedule F: Creditors Holding Unsecured Non-Priority Claims.**  The claims listed on Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact.  While commercially reasonable efforts have been made, determining the date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors have not listed a date for every claim listed on Schedule F.

The descriptions provided in Schedule F are intended only to be a summary.  Nothing in the Global Notes or the Schedules and SOFAs shall be deemed to be a modification or interpretation of the terms of such agreements.  The claims of individual creditors for, among other things, goods, services or taxes are listed at the amounts listed on the Debtors' books and records as of January 5, 2021 and may not reflect credits or allowances due from such creditor.  The Debtors reserve all of their rights respecting such credits or allowances.  The dollar amounts listed may be exclusive of contingent and unliquidated amounts.

The Debtors expressly incorporate by reference into Schedule F, to the extent not already listed on Schedule F, (i) all parties to pending and potential pending litigation listed in the Debtors' SOFAs as contingent, unliquidated, and disputed claims and (ii) all parties to executory contracts and unexpired leases, including those listed on Schedule G, to the extent such parties are holders of contingent and unliquidated unsecured claims arising from obligations under those executory contracts and unexpired leases.

**Schedule G:  Executory Contracts.**  While commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusions may have occurred.  The Debtors reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.

The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended and supplemented from time to time by various amendments, restatements,

waivers, estoppel certificates, letter and other documents, instruments, and agreements which may not be listed herein. Reference to contracts, agreements and leases in these Schedules and SOFAs includes any modifications, amendments and supplements regardless of whether they are listed herein. Certain of the contracts and leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights that are embedded in the Debtors' agreements. Such rights, powers, duties, and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute.

The presence of a contract, lease or agreement on Schedule G does not constitute an admission that such contract, lease or agreement is an executory contract or unexpired lease. The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, or any document or instrument (including, without limitation, any intercompany agreement) related to a creditor's claim.

Omission of a contract, lease or agreement from this Schedule does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts, leases or agreements are not impaired by their omission. This Schedule may be amended at any time to add any omitted contract, lease or agreement.

Certain of the Debtors' affiliates may have entered into contracts with third parties for the benefit of another Debtor or a non-debtor affiliate. For the purposes of Schedule G, contracts have been listed only where that Debtor is an actual party to the contract. The omission of any contract from Schedule G to which a Debtor is an intended beneficiary shall not constitute a waiver of any rights the Debtor may have in that contract, including the right to enforce such contract or the right to recover damages in the event that there is a breach of such contract.

**Schedule H: Co-Debtors.** While every reasonable effort has been made to ensure the accuracy of Schedule H, inadvertent errors or omissions may have occurred. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. The Debtors reserve their right to amend the Schedules to the extent additional guarantees are identified.

## Statements of Financial Affairs

**Insiders.** In the circumstance where the SOFAs require information regarding insiders, the Debtors have attempted to include therein each of the relevant Debtor's directors, officers or employees that meets the statutory definition of an insider or had the ability to exercise control over the decision-making or policy of the relevant Debtor during the relevant period; provided, that employees with positions that have officer titles (such as director and vice president) but who did not report to the applicable Board or had no control over the decision-making or policy of the relevant Debtor were not included as insiders. The listing of a party as an insider is not intended to be, nor should it be, construed as a legal characterization of such party as an insider and does

not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.

**Question 3 – Certain Payments or Transfers to Creditors Within 90 Days Before Filing this Case**. The list of payments made by the Debtors within 90 days of the Petition Date reflects only those payments that were made in accordance with routine business practices. Any payments made to the applicable Debtor's bankruptcy case professionals within the 90 days prior to the Petition Date are disclosed in response to Question 11 and therefore are not listed in response to Question 3. Any payments made to the Debtors' insiders within the one year prior to the Petition Date are disclosed in response to Question 4 and therefore are not listed in response to Question 3. Payments made to a Debtor's non-insider employees also are not listed.

**Question 9 –**. In the ordinary course of their business, the Debtors have made contributions to certain political campaigns, political action committees and other political organizations. The Debtors do not view such transfers as gifts or charitable donations and therefore have not listed them in response to Question 9.

**Question 11 – Payments Related to Bankruptcy**. The amounts listed in response to Question 11 include payments made to professionals retained by or on behalf of Debtor for services concerning insolvency, reorganization, restructuring, and attempts to resolve issues relating to the foregoing outside of court, and finally, relief under bankruptcy law and preparation of bankruptcy petitions. The amounts also include retainers. Certain of the Debtors' professionals may have provided services for matters other than bankruptcy or restructuring; in such cases the amount of payments made no account of such non-bankruptcy or non-restructuring services are listed in response to Question 3.

**Question 26 – Books, Records and Financial Statements**. The Debtors have listed individuals that have been identified as having primary responsibility for maintaining or supervising the keeping of the Debtors' books and records prior to the Petition Date. Certain additional parties not listed may have had access to the Debtor's books and records.

**Question 26d –** The Debtors regularly distributed their financial statements to certain of their lenders in compliance with the reporting obligations in connection with loans. The Debtors may also occasionally have provided certain other parties, such as banks, auditors, potential investors and financial advisors, with financial statements. The Debtors did not maintain complete lists or other records tracking such disclosures and ascertaining all such disclosures would be burdensome and impractical. Accordingly, such parties are not listed.

* * * END OF GLOBAL NOTES * * *

**Fill in this information to identify the case:**

Debtor name: Aura Equity Holdings LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 21-10017

☐ **Check if this is an amended filing**

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**1. Schedule A/B: Assets - Real and Personal Property** (Official Form 206A/B)

| | |
|---|---|
| 1a. **Real property:** | $0.00 |
| Copy line 88 from Schedule A/B | |
| 1b. **Total personal property:** | $0.00 |
| Copy line 91A from Schedule A/B | |
| 1c. **Total of all property:** | $0.00 |
| Copy line 92 from Schedule A/B | |

**2. Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D) — $9,129,167.05
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D

**3. Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

| | |
|---|---|
| 3a. **Total claim amounts of priority unsecured claims:** | $0.00 |
| Copy the total claims from Part 1 from line 5a of Schedule E/F | |
| 3b. **Total amount of claims of nonpriority amount of unsecured claims:** | $0.00 |
| Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F | |

**4. Total Liabilities** — $9,129,167.05
Lines 2 + 3a + 3b

**Fill in this information to identify the case:**

Debtor name: Aura Equity Holdings LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 21-10017

☐ Check if this is an amended filing

**Official Form 206A/B**

## Schedule A/B: Assets — Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:**  Cash and Cash Equivalents

**1. Does the debtor have any cash or cash equivalents?**

☑ No. Go to Part 2.

☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

**2. Cash on hand**

| 2.1 | | $0.00 |
|---|---|---|

**3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account # | |
|---|---|---|---|
| 3.1 | | | $0.00 |

**4. Other cash equivalents** *(Identify all)*

| 4.1 | | $0.00 |
|---|---|---|

**5. Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| $0.00 |
|---|

## Part 2:  Deposits and prepayments

**6. Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|
| **7. Deposits, including security deposits and utility deposits** Description, including name of holder of deposit |  |
| 7.1 | $0.00 |
| **8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent** Description, including name of holder of prepayment |  |
| 8.1 | $0.00 |

**9. Total of Part 2**

Add lines 7 through 8. Copy the total to line 81.

$0.00

## Part 3:  Accounts receivable

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

|  |  | Current value of debtor's interest |
|---|---|---|
| **11. Accounts receivable** | | |
| 11a. | 90 days old or less: _____ − _____ = ........ ➜ face amount     doubtful or uncollectible accounts | $0.00 |
| 11b. | Over 90 days old: _____ − _____ = ........ ➜ face amount     doubtful or uncollectible accounts | $0.00 |

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

$0.00

**Part 4:    Investments**

**13. Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|
| **14. Mutual funds or publicly traded stocks not included in Part 1** Name of fund or stock: | | |
| 14.1 | | $0.00 |
| **15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture** Name of entity:                               % of ownership: | | |
| 15.1 | | $0.00 |
| **16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1** Describe: | | |
| 16.1 | | $0.00 |

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.

$0.00

| Part 5: | Inventory, excluding agriculture assets |
|---------|-----------------------------------------|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|------------------|------------------|------------------|------------------|
| **19. Raw materials** | | | | |
| 19.1 | | | | $0.00 |
| **20. Work in progress** | | | | |
| 20.1 | | | | $0.00 |
| **21. Finished goods, including goods held for resale** | | | | |
| 21.1 | | | | $0.00 |
| **22. Other inventory or supplies** | | | | |
| 22.1 | | | | $0.00 |

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.                                   $0.00

**24. Is any of the property listed in Part 5 perishable?**

☑ No

☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☑ No

☐ Yes        Book value _____        Valuation method _____        Current value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| 28.1 | | | $0.00 |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| 29.1 | | | $0.00 |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1 | | | $0.00 |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 | | | $0.00 |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 | | | $0.00 |

**33. Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.                                                    $0.00

**34. Is the debtor a member of an agricultural cooperative?**

☑ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

       ☑ No

       ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☑ No

☐ Yes    Book value &underline;    Valuation method &underline;    Current value &underline;

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☑ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| 39.1 | | | $0.00 |
| **40. Office fixtures** | | | |
| 40.1 | | | $0.00 |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1 | | | $0.00 |
| **42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 | | | $0.00 |

**43. Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.

$0.00

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☑ No
☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No
☐ Yes

**Part 8:**   Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>**(Where available)** | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 | _____ | _____ | $0.00 |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 | _____ | _____ | $0.00 |
| **49. Aircraft and accessories** | | | |
| 49.1 | _____ | _____ | $0.00 |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| 50.1 | _____ | _____ | $0.00 |

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$0.00

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

☑ No

☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☑ No

☐ Yes

| **Part 9:** | **Real Property** |
| --- | --- |

**54. Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- | --- |
| 55.1 | | | | $0.00 |

**56. Total of Part 9.**

Add the current value of all lines in question 55 and entries from any additional sheets. Copy the total to line 88.

$0.00

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Part 10:**    **Intangibles and intellectual property**

**59. Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 _____ | _____ | _____ | $0.00 |
| **61. Internet domain names and websites** | | | |
| 61.1 _____ | _____ | _____ | $0.00 |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1 _____ | _____ | _____ | $0.00 |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| 63.1 _____ | _____ | _____ | $0.00 |
| **64. Other intangibles, or intellectual property** | | | |
| 64.1 _____ | _____ | _____ | $0.00 |
| **65. Goodwill** | | | |
| 65.1 _____ | _____ | _____ | $0.00 |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$0.00

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☑ No

☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No

☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Part 11:**    **All other assets**

**70. Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☑ No. Go to Part 12.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**71. Notes receivable**

Description (include name of obligor)

71.1 _____  _____  −  _____  = → | $0.00

               total face amount            doubtful or uncollectible

                                         amount

**72. Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

72.1 _____    Tax year _____ | $0.00

**73. Interests in insurance policies or annuities**

73.1 _____ | $0.00

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1 _____ | $0.00

Nature of Claim    _____

Amount requested    _____

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1 _____ | $0.00

Nature of Claim    _____

Amount requested    _____

**76. Trusts, equitable or future interests in property**

76.1 _____ | $0.00

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

77.1 _____ | $0.00

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90. | $0.00

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Part 12:**    **Summary**

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** Copy line 5, Part 1. | $0.00 | |
| **81. Deposits and prepayments.** Copy line 9, Part 2. | $0.00 | |
| **82. Accounts receivable.** Copy line 12, Part 3. | $0.00 | |

**83. Investments.** Copy line 17, Part 4. _____ $0.00

**84. Inventory.** Copy line 23, Part 5. _____ $0.00

**85. Farming and fishing-related assets.** Copy line 33, Part 6. _____ $0.00

**86. Office furniture, fixtures, and equipment; and collectibles.** Copy line 43, Part 7. _____ $0.00

**87. Machinery, equipment, and vehicles.** Copy line 51, Part 8. _____ $0.00

**88. Real property. Copy line 56, Part 9.**  ➔  _____ $0.00

**89. Intangibles and intellectual property..** Copy line 66, Part 10. _____ $0.00

**90. All other assets.** Copy line 78, Part 11. _____ $0.00

**91. Total. Add lines 80 through 90 for each column**   91a. | $0.00 |   91b. | $0.00 |

**92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92.   | $0.00 |

**Fill in this information to identify the case:**

Debtor name: Aura Equity Holdings LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 21-10017

☐ Check if this is an amended filing

## Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

Be as complete and accurate as possible.

| Part 1: | List Creditors Who Have Claims Secured by Property |
| --- | --- |

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in the information below.

**2. List creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of Claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
| --- | --- | --- | --- |

**2.1**

BridgeBank
55 Almaden Boulevard
Suite 100
San Jose, CA 95113

**Date debt was incurred?**
12/2/2019

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☐ No
☑ Yes. Specify each creditor, including this creditor, and its relative priority.
1) Bridge Bank - first lien
2) Balance Public Relations, Coppel Capital S.A. de C.V., FirstMark Capital of II, LP, Serengeti Caracal Master Fund LP each have second lien on assets.

**Describe debtor's property that is subject to the lien:**
Assets of Aura Financial Corporation, Aura Financial LLC, Insikt Servicing LLC and Aura Equity Holdings; excluding loans and related assets that are later pledged to Insikt Lendify Financing II, LLC, Aura Financing I, LLC, and Aura Securitization Trust

**Describe the lien**
Corporate Senior Secured Loan

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors(Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Amount of Claim: $2,958,536.90

Value of collateral: Undetermined

Debtor  Aura Equity Holdings LLC
        Name

Case number *(if known)* 21-10017

---

**2.2**

Balance Public Relations
Attn: Dean Florez
498 Oleander Ave
Shafter, CA 93263

**Date debt was incurred?**
9/16/2020

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Specify each creditor, including this creditor, and its relative priority.
1) Bridge Bank - first lien
2) Balance Public Relations, Coppel Capital S.A. de C.V., FirstMark Capital of II, LP, Serengeti Caracal Master Fund LP each have second lien on assets.

**Describe debtor's property that is subject to the lien:**
Assets of Aura Financial Corporation, Aura Financial LLC, Insikt Servicing LLC and Aura Equity Holdings; excluding loans and related assets that are later pledged to Insikt Lendify Financing II, LLC, Aura Financing I, LLC, and Aura Securitization Trust

**Describe the lien**
Senior Convertible Note

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors(Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$169,726.03     Undetermined

---

**2.3**

Coppel Capital S.A. de C.V.
503 Scaroni Ave
Calexico, CA 92231

**Date debt was incurred?**
8/5/2020 and 9/11/2020

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Specify each creditor, including this creditor, and its relative priority.
1) Bridge Bank - first lien
2) Balance Public Relations, Coppel Capital S.A. de C.V., FirstMark Capital of II, LP, Serengeti Caracal Master Fund LP each have second lien on assets.

**Describe debtor's property that is subject to the lien:**
Assets of Aura Financial Corporation, Aura Financial LLC, Insikt Servicing LLC and Aura Equity Holdings; excluding loans and related assets that are later pledged to Insikt Lendify Financing II, LLC, Aura Financing I, LLC, and Aura Securitization Trust

**Describe the lien**
Senior Convertible Notes

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors(Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$3,009,835.62     Undetermined

| 2.4 | | | $1,495,534.25 | Undetermined |
|---|---|---|---|---|

**Describe debtor's property that is subject to the lien:**

FirstMark Capital II, LP
Attn: Richard Heitzmann
100 Fifth Ave, 3rd Floor
New York, NY 10011

Assets of Aura Financial Corporation, Aura Financial LLC, Insikt Servicing LLC and Aura Equity Holdings; excluding loans and related assets that are later pledged to Insikt Lendify Financing II, LLC, Aura Financing I, LLC, and Aura Securitization Trust

**Date debt was incurred?**
8/5/2020 and 9/11/2020

**Last 4 digits of account number**

**Describe the lien**
Senior Convertible Notes

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Specify each creditor, including

this creditor, and its relative priority.
1) Bridge Bank - first lien
2) Balance Public Relations, Coppel Capital S.A. de C.V., FirstMark Capital of II, LP, Serengeti Caracal Master Fund LP each have second lien on assets.

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Is anyone else liable on this claim?**

☐ No

☑ Yes. Fill out Schedule H: Codebtors(Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

| 2.5 | | | $1,495,534.25 | Undetermined |
|---|---|---|---|---|

**Describe debtor's property that is subject to the lien:**

Serengeti Caracal Master Fund LP
632 Broadway, 12th Floor
New York, NY 10012

Assets of Aura Financial Corporation, Aura Financial LLC, Insikt Servicing LLC and Aura Equity Holdings; excluding loans and related assets that are later pledged to Insikt Lendify Financing II, LLC, Aura Financing I, LLC, and Aura Securitization Trust

**Date debt was incurred?**
8/5/2020 and 9/11/2020

**Last 4 digits of account number**

**Describe the lien**
Senior Convertible Notes

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Specify each creditor, including

this creditor, and its relative priority.
1) Bridge Bank - first lien
2) Balance Public Relations, Coppel Capital S.A. de C.V., FirstMark Capital of II, LP, Serengeti Caracal Master Fund LP each have second lien on assets.

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Is anyone else liable on this claim?**

☐ No

☑ Yes. Fill out Schedule H: Codebtors(Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**                    $9,129,167.05

**Fill in this information to identify the case:**

Debtor name: Aura Equity Holdings LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 21-10017

☐ Check if this is an amended filing

Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:    List All Creditors with PRIORITY Unsecured Claims**

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☐ No. Go to Part 2.

☑ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|
| 2.1 | **As of the petition filing date, the claim is:** *Check all that apply.* | Undetermined | Undetermined |

2.1

California Franchise Tax Board
Attn: Bankruptcy Division
PO Box 942857
Sacramento, CA 94257

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( **8** )

**As of the petition filing date, the claim is:**
*Check all that apply.*

☑ Contingent

☑ Unliquidated

☐ Disputed

**Basis for the claim:**
Franchise Tax

**Is the claim subject to offset?**
☑ No
☐ Yes

Total claim: Undetermined
Priority amount: Undetermined

2.2

California State Board of Equalization
Attn: Bankruptcy Division
450 N St
PO Box 942879
MIC 121
Sacramento, CA 94279-0121

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( **8** )

**As of the petition filing date, the claim is:**
*Check all that apply.*

☑ Contingent

☑ Unliquidated

☐ Disputed

**Basis for the claim:**
Corporate Income Tax

**Is the claim subject to offset?**
☑ No
☐ Yes

Total claim: Undetermined
Priority amount: Undetermined

2.3

City and County of San Francisco
Attn: Bankruptcy Division
1 Dr. Carlton B. Goodlett Place
San Francisco, CA 94102

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( 8 )

**As of the petition filing date, the claim is:**          Undetermined          Undetermined
*Check all that apply.*

☑ Contingent

☑ Unliquidated

☐ Disputed

**Basis for the claim:**
Corporate Income Tax

**Is the claim subject to offset?**
☑ No

☐ Yes

2.4

Internal Revenue Service
Attn: Bankruptcy Division
PO Box 7346
Philadelphia, PA 19101-7346

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( 8 )

**As of the petition filing date, the claim is:**          Undetermined          Undetermined
*Check all that apply.*

☑ Contingent

☑ Unliquidated

☐ Disputed

**Basis for the claim:**
Income Tax

**Is the claim subject to offset?**
☑ No

☐ Yes

**Part 2:    List All Creditors with NONPRIORITY Unsecured Claims**

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | Amount of claim |
|---|---|
| | |

3.1

None

**Date or dates debt was incurred**

**As of the petition filing date, the claim is:**          $0.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**
☑ No

☐ Yes

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---------|---------------------------------------------------|

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---------------------------|---------------------------------------------------------------------------|------------------------------------------|
| 4.1. | Line <br><br> ☐ Not listed. Explain | |

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---------|---------------------------------------------------------------|

**5. Add the amounts of priority and nonpriority unsecured claims.**

|  |  | Total of claim amounts |
|---|---|------------------------|
| 5a. **Total claims from Part 1** | 5a. | $0.00 |
| 5b. **Total claims from Part 2** | 5b. | $0.00 |
| 5c. **Total of Parts 1 and 2** <br> Lines 5a + 5b = 5c. | 5c. | |

**Fill in this information to identify the case:**

Debtor name: Aura Equity Holdings LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 21-10017

☐ Check if this is an amended filing

Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**Schedule G:** Executory Contracts and Unexpired Leases

**1. Does the debtor have any executory contracts or unexpired leases?**

☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☐ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|

2.1   **State what the contract or lease is for and the nature of the debtor's interest**

_____

_____

**State the term remaining**

_____

**List the contract number of any government contract**

_____

**Fill in this information to identify the case:**

Debtor name: Aura Equity Holdings LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 21-10017

☐ Check if this is an amended filing

## Official Form 206H

## Schedule H: Codebtors

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, _Schedules D-G._** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| _Column 1:_ **Codebtor** | | _Column 2:_ **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | **Check all schedules that apply:** |
| 2.1  Aura Financial Corporation | Aura Financial Corporation<br>1721 Broadway<br>Suite 201<br>Oakland, CA 94612 | Balance Public Relations | ☑ D<br>☐ E/F<br>☐ G |
| 2.2  Aura Financial LLC | Aura Financial LLC<br>1721 Broadway<br>Suite 201<br>Oakland, CA 94612 | Balance Public Relations | ☑ D<br>☐ E/F<br>☐ G |
| 2.3  Insikt Servicing LLC | Insikt Servicing LLC<br>1721 Broadway<br>Suite 201<br>Oakland, CA 94612 | Balance Public Relations | ☑ D<br>☐ E/F<br>☐ G |
| 2.4  Aura Financial Corporation | Aura Financial Corporation<br>1721 Broadway<br>Suite 201<br>Oakland, CA 94612 | BridgeBank | ☑ D<br>☐ E/F<br>☐ G |
| 2.5  Aura Financial LLC | Aura Financial LLC<br>1721 Broadway<br>Suite 201<br>Oakland, CA 94612 | BridgeBank | ☑ D<br>☐ E/F<br>☐ G |

**2.6  Insikt Servicing LLC**

Insikt Servicing LLC
1721 Broadway
Suite 201
Oakland, CA 94612

BridgeBank

☑ D
☐ E/F
☐ G

**2.7  Aura Financial Corporation**

Aura Financial Corporation
1721 Broadway
Suite 201
Oakland, CA 94612

Coppel Capital S.A. de C.V.

☑ D
☐ E/F
☐ G

**2.8  Aura Financial LLC**

Aura Financial LLC
1721 Broadway
Suite 201
Oakland, CA 94612

Coppel Capital S.A. de C.V.

☑ D
☐ E/F
☐ G

**2.9  Insikt Servicing LLC**

Insikt Servicing LLC
1721 Broadway
Suite 201
Oakland, CA 94612

Coppel Capital S.A. de C.V.

☑ D
☐ E/F
☐ G

**2.10  Aura Financial Corporation**

Aura Financial Corporation
1721 Broadway
Suite 201
Oakland, CA 94612

FirstMark Capital II, LP

☑ D
☐ E/F
☐ G

**2.11  Aura Financial LLC**

Aura Financial LLC
1721 Broadway
Suite 201
Oakland, CA 94612

FirstMark Capital II, LP

☑ D
☐ E/F
☐ G

**2.12  Insikt Servicing LLC**

Insikt Servicing LLC
1721 Broadway
Suite 201
Oakland, CA 94612

FirstMark Capital II, LP

☑ D
☐ E/F
☐ G

**2.13  Aura Financial Corporation**

Aura Financial Corporation
1721 Broadway
Suite 201
Oakland, CA 94612

Serengeti Caracal Master Fund LP

☑ D
☐ E/F
☐ G

**2.14  Aura Financial LLC**

Aura Financial LLC
1721 Broadway
Suite 201
Oakland, CA 94612

Serengeti Caracal Master Fund LP

☑ D
☐ E/F
☐ G

**2.15  Insikt Servicing LLC**

Insikt Servicing LLC
1721 Broadway
Suite 201
Oakland, CA 94612

Serengeti Caracal Master Fund LP

☑ D
☐ E/F
☐ G

**Fill in this information to identify the case:**

Debtor name: Aura Equity Holdings LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 21-10017

☐ Check if this is an amended filing

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets—Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a _____ declaration

I declare under penalty of perjury that the foregoing is true and correct.

January 11, 2021

Executed on

Signature of individual signing on behalf of debtor
Daniel Sanford
Printed name
Vice President of Finance
Position or relationship to debtor